ALD-213                                                     **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-2568
_____

In re: JOSE TORRES
                                        Petitioner
_____

On Petition for Writ of Mandamus from the United States
District Court for the District of New Jersey
(Related to D.C. No. 2:20-cr-00418-001)
District Judge: Honorable Brian R. Martinotti

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
on September 14, 2023

Before: HARDIMAN, RESTREPO, and BIBAS, <u>Circuit Judges</u>

(Opinion filed: September 29, 2023)

_____

—————

OPINION[*]

—————

PER CURIAM

Pro se petitioner Jose Torres is currently awaiting trial in the District Court on multiple counts of knowingly coercing and enticing individuals to travel in interstate commerce to engage in prostitution and other sexual activities, in violation of 18 U.S.C. § 2422(a). In June 2023, he filed a petition for a writ of mandamus in this Court challenging the District Court's adjudication of various pretrial motions, including his motions to disqualify the prosecutor and to proceed pro se.[1] We denied the petition, explaining that (1) he had not shown that his right to a writ overriding the District Court's denial of the motion to disqualify was clear and indisputable, and (2) he could obtain review of the District Court's order denying self-representation following final judgment. In re: Jose Torres, No. 23-2085, 2023 WL 4540470, at *2 (3d Cir. Jul. 14, 2023) (per curiam) (not precedential). We further explained that to the extent that Torres asked us to

—————

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] In February 2023, the District Court permitted Torres to proceed pro se with standby counsel, directed him to submit all pro se filings to chambers for screening, and appointed a special master to screen his pro se filings. The District Court subsequently reversed its order in light of the volume of Torres's submissions, his failure to abide by the applicable rules, and the delays he caused to the proceedings. Through counsel, Torres filed a notice of appeal as to that order; that appeal is pending in this Court. C.A. No. 23-1913.

reassign the case to a different district judge, he had not shown that the District Judge in his matter was biased or impartial.  Id. at *3.

Torres has filed a second mandamus petition asking us to disqualify the District Judge.  He asserts that the District Judge's unlawful and unconstitutional rulings manifest bias and partiality.  Specifically, he contends that the District Judge acted with bias by refusing to grant him bail and denying his motion to disqualify the prosecutor; failing to dismiss the second superseding indictment on the ground that Torres is "a 'john' and not a sex trafficker," Pet. 20, ECF No. 1-1; ruling that the Government is permitted to introduce at trial "manufactured and false allegations of violence," id. 21; relying on false statements and facts to "muzzle" Torres by revoking his pro se status, id. 22; and tampering with his criminal docket sheet by striking fifteen of his pro se motions.  Based on these allegations, Torres asks us to disqualify the District Judge, reassign the criminal case to a district judge in a different venue, and stay the criminal proceedings pending our ruling.

A writ of mandamus is a "drastic remedy" that may be granted "only in extraordinary circumstances in response to an act amounting to a judicial usurpation of power."  In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005) (citation omitted).  "Before a writ of mandamus may issue, a party must establish that (1) no other adequate means [exist] to attain the relief he desires, (2) the party's right to issuance of the writ is clear and indisputable, and (3) the writ is appropriate under the circumstances."  Hollingsworth v. Perry, 558 U.S. 183, 190 (2010) (per curiam) (alteration in original) (internal quotation marks and citation omitted).

3

Torres's dissatisfaction with the District Judge overseeing his criminal case is based solely on his disagreement with the judge's decisions and his speculation that the judge harbors bias against him, which are not sufficient bases for mandamus relief. "We have repeatedly stated that a party's displeasure with legal rulings does not form an adequate basis for recusal." Securacomm Consulting, Inc. v. Securacom Inc., 224 F.3d 273, 278 (3d Cir. 2000); see also Liteky v. United States, 510 U.S. 540, 555 (1994) ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion."). Recusal is also not required when based on mere "possibilities" and "unsubstantiated allegations."[2] United States v. Martorano, 866 F.2d 62, 68 (3d Cir. 1989).

Accordingly, we will deny the mandamus petition. Torres's motion to stay the criminal proceedings pending our adjudication of the petition is also denied.

---

[2] Torres also objects to the District Court's rulings, especially the Court's refusal to permit him to proceed pro se. However, as we previously explained, Torres is not entitled to mandamus relief as to this ruling because he can challenge it on direct appeal. See In re Torres, 2023 WL 4540470, at *2.